IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Stanley Mark Ballenger, #151010, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Robert H. Mauney, Warden, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:07-0496-RBH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**FACTS PRESENTED**

The record reveals the petitioner is currently confined in the Northside Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Oconee County. The petitioner was indicted by the Oconee County grand jury at the December 2000 term for trafficking in cocaine, 200 to 400 grams, and possession of a firearm during commission of a violent crime (00-GS-37-1253, and -2754). He was originally represented at the trial level by attorney Darren Haley, but subsequently represented by attorney Jack H. Lynn. On November 26, 2001, the petitioner entered a guilty plea to both charges before the Honorable Alexander S. Macauley. Pursuant to a negotiated plea, Judge Macauley sentenced the petitioner to 10 years imprisonment for

trafficking and a concurrent five years for the weapon possession charge. The petitioner did not file a direct appeal from his convictions and sentences.

The petitioner next filed an application for post-conviction relief ("APCR") on April 3, 2002 (02-CP-32-0221). In his APCR, the petitioner raised the following grounds for relief:

(1) Trial counsel assistance was ineffective.

(2) The court lacked subject matter jurisdiction.

(3) Violation of Federal Rule of Criminal Procedure Rule 11.

(4) Denial of right to appellate review.

Attorney Gruber Sires was appointed to represent the petitioner in his PCR on April 8, 2002. The petitioner then attempted to file a *pro se* amended application dated April 10, 2002; however, the clerk sent it back noting that all documents had to be submitted through counsel.

The petitioner then attempted to file, on May 29, 2002, a *pro se* motion for change of attorney, in which he asserted the Mr. Sires was not pursuing the case to his liking. The clerk informed the petitioner that the motion was improper since he was represented by counsel. The petitioner then responded on July 24, 2002 with a *pro se* motion for change of venue based on the alleged bias of the Oconee clerk and his appointed counsel. Judge J.C. Nicholson, Jr. denied these *pro se* motions by order dated August 6, 2002, but also asked Attorney Sires to address his client's concerns.

The State filed a return to the APCR on June 16, 2003, and the case was scheduled for hearing in August 2003. However, on July 29 and August 1, 2003, trial counsel Jack Lynn wrote that he had conflicts with the hearing dates due to trials previously scheduled. Judge J. Cordell Maddox, Jr., granted the continuance by order dated August 15, 2003.

On October 16, 2003, the petitioner filed some *pro se* motions fundamentally centering around his claim for a default judgment based on the State's late return. On January 20, 2004, Judge Nicholson granted attorney Sires' request to be relieved as counsel due to his caseload as the chief public defender for Oconee County. Attorney Bradley Norton was appointed to represent the petitioner in Sires' place.[1]

Meanwhile, on May 27, 2004, the petitioner filed in United States District Court a "Notice of Appeal and Motion for Certificate of Appealability." The petitioner ultimately complied with an order to bring his case into proper form for a federal habeas corpus, by way of a filing on June 15, 2004 (6:04-1438-27AK). The State filed a return and motion for summary judgment on August 27, 2004. Following a number of responsive *pro se* pleadings, this court recommended on February 2, 2005, that the case be dismissed without prejudice for failure to exhaust state remedies.

The petitioner filed objections to the recommendation on February 22, 2005; and on March 28, 2005, the Honorable R. Bryan Harwell issued an order in which he adopted the recommendation dismissed the case without prejudice.

The petitioner subsequently filed a motion for certificate of appealability, which was denied by Judge Harwell by order dated May 3, 2005. The petitioner then filed request for a certificate of appealability and an informal brief before the United States Court of Appeals for the Fourth Circuit. By opinion dated October 27, 2005, the Fourth Circuit denied the certificate of appealability and dismissed the appeal. *Ballenger v. McMaster, et al.*, No. 05-6625 (4th Cir. 2005) (UP). The petitioner filed a petition for rehearing, which was denied

---

[1]On December 17, 2003, the Fourth Circuit affirmed the grant of summary judgment to the State of South Carolina and the arresting trooper in a §1983 action filed by the petitioner. *Ballenger v. Owens*, 352 F.3d 842 (4th Cir. 2003). The court there ruled that since the petitioner's action alleged an illegal stop and success on that claim would necessarily imply invalidation of the criminal conviction, the action was properly dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

by the Fourth Circuit in an order filed March 14, 2006. The mandate was issued March 22, 2006.

The petitioner next sought certiorari from the United States Supreme Court in a petition filed June 12, 2006. That Court denied the petition by order issued October 6, 2006.

While the petitioner's first habeas action was being resolved, his PCR continued as well. The PCR was continued on December 13, 2004, with the notation on the Form 4 order that "all agreed." The PCR was continued again on February 7, 2005, on motion of the petitioner's appointed attorney, Brad Norton. The case was continued again on April 18, 2005, because one of the petitioner's trial counsel was in court in Virginia and could not attend. On April 29, 2005, Mr. Norton filed an "Amendment to PCR", in which he asserted the following issue:

> The Petitioner is now informed and believes that his previous counsel, Darren Haley, had negotiated an offer of five (5) years on a plea. This offer was never communicated to Petitioner. Petitioner subsequently plead guilty on a negotiated plea using a different attorney and received a ten (10) year sentence. Petitioner is informed and believes that his previous counsel's failure to communicate the plea offer constitutes ineffective assistance of counsel.

An evidentiary hearing in the petitioner's APCR was held on August 29, 2005, before the Honorable Lee S. Alford. The petitioner, his original trial counsel Darren Haley, and his subsequent trial counsel Jack S. Lynn all testified at the hearing. Judge Alford took the matter under advisement, and on September 2, 2005, sent a letter to the Attorney General's Office requesting a proposed order and setting forth findings. Judge Alford then filed an order of dismissal on October 13, 2005.

On October 31, 2005, the petitioner filed a "Motion for an Appeal Bond and/or Unconditional Release," as well as a "Motion for a Preposed [sic] Order; Pursuant to Pruitt; Rule 5(b)(3), of SCRCVP; and S.C. Code Ann. § 17-27-80." The State filed a return to the

petitioner's "Motion for an Appeal Bond and/or Unconditional Release" dated January 4, 2006. On March 29, 2006, the petitioner sent a six-page letter to South Carolina Supreme Court Chief Justice Jean Toal complaining of various things, including the failure of his appointed PCR counsel to argue issues the petitioner wanted, PCR counsel's amendment of the PCR to assert an issue to which the petitioner did not consent, the failure of the PCR court to rule on some of the petitioner's various *pro se* motions, and the alleged lack of subject matter jurisdiction in the trial court. In a letter dated April 19, 2006, from the Clerk of the South Carolina Supreme Court to Judge Alford, it was noted that while the South Carolina Supreme Court had declined to act on the petitioner's letter in its original jurisdiction, the petitioner's *pro se* motions had been filed by the Clerk even though he was represented by counsel, and were still pending. On May 1, 2006, Judge Alford signed an order in which he rejected the request for an appeal bond or unconditional release. Judge Alford also sent a letter to the state supreme court that same day, noting first that he had not been served with any *pro se* motions. Judge Alford went on to point out that he had that day denied the motion for appeal bond, that any other motions were resolved by the merits hearing, and that there had been no motion for reconsideration filed or served.

It appears no PCR appeal was filed. The Office of Attorney General states it is not in possession of any such appeal records, and further states that the Clerk 's Office of the South Carolina Supreme Court has advised they have no records of an active or closed PCR appeal from the petitioner. In the present habeas corpus petition, the petitioner apparently asserts that he intentionally did not appeal the PCR decision of Judge Alford in this case, because in the petitioner's opinion Judge Alford's order of dismissal did not constitute a final order in the case that would be reviewable on certiorari because Judge Alford allegedly did not address all the issues.

On February 20, 2007, the petitioner filed his petition for habeas corpus relief now before this court, in which he made the following allegations:

5

>   (1)    Trial Counsel's Assistance Was Ineffective. [Petitioner contends his trial counsel was ineffective for failing to pursue a motion to suppress the bags of cocaine found in his car, and that PCR counsel was ineffective for failing to file a proposed order.]
>
>   (2)    The Court Lacked Subject Matter Jurisdiction. [Petitioner contends for various reasons that the trial court lacked subject matter jurisdiction to accept his pleas.]
>
>   (3)    Viol. of Fed. R. Crim. Proc. Rule 11. [Petitioner contends his plea was not knowing and voluntary and did not comply with the requirements of *Boykin v. Alabama*, 395 U.S. 238 (1969).]
>
>   (4)    Denial of Right to Appellate Review. [Petitioner apparently contends his plea counsel failed to file a notice of appeal.]
>
>   (5)    Viol. of the 4th Amend. of Illegal Search and Seizure, and "Fruit of the Poisonous Tree Doctrine [sic]. [Petitioner asserts a freestanding Fourth Amendment violation.]

On May 3, 2007, the petitioner filed motions for default judgment and "unconditional release." On May 29, 2007, the respondent filed a motion for summary judgment. By order filed May 30, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On June 6, 2007, the petitioner filed a second motion for "unconditional release," to which the respondent filed opposition on June 25, 2007. On June 26, 2007, the petitioner filed his own motion for summary judgment, as well as his opposition to the respondent's motion for summary judgment.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

>   (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on

the merits in State court proceedings unless the adjudication of the claim –

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Title 28, United States Code, Section 2244(d), provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**ANALYSIS**

The petitioner's claims are barred by the statute of limitations. Since the petitioner did not file a direct appeal, his conviction was finalized by the conclusion of direct review on December 6, 2001, or 10 days after his sentence was imposed by Judge Macaulay. Rule 203(b)(2), SCACR. Because the petitioner did not file a direct appeal, the 90-day period for seeking certiorari from the United States Supreme Court is not included. *See, e.g. Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); 28 U.S.C. § 1257 (United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"); U.S. Sup. Ct. R. 10(b) (certiorari considered where "state court of last resort" has decided important federal question); U.S. Sup. Ct. R. 13 (time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort); Rule 203(b)(2), SCACR (10-day requirement for filing of Notice of Appeal from criminal conviction).

The petitioner thus had until December 6, 2002, to file his federal habeas corpus action, unless the period was at any time tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Since the petitioner did not file his APCR until April 3, 2002, 118 days of non-tolled time passed between the conclusion of direct review and the filing of the APCR. Since the petitioner did not file a PCR appeal, the habeas corpus period of limitations was tolled during the pendency of the APCR at most until October 13, 2005, when Judge Alford issued the APCR order of dismissal. *See, e.g. Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris*, 209 F.3d at 328 (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

The image on PACER of the envelope in which the instant petition was mailed does not show a prison mail room stamp. Giving the petitioner every benefit of the doubt, the

8

court will consider the delivery date of the instant petition to be the date he signed the petition, February 12, 2007.  From October 13, 2005 – the date Judge Alford dismissed the PCR – until February 12, 2007 – the date the petitioner signed this habeas petition – is 487 days of non-tolled time.  Aggregating the two periods on either side of the pendency of the APCR action equals 605 days (118+487=605), which is well in excess of one year.

Judge Alford did not deny the petitioner's motion for appeal bond until May 1, 2006.  As Judge Alford noted in his letter of May 1, 2006, no motions for reconsideration were presented to him for review.  All Judge Alford ruled upon was an appeal bond request for an appeal that was never perfected.  However, even if this subsequent period was sufficient to toll the period of limitations, the petitioner would still be far out of time.  From May 1, 2006, until February 12, 2007, is 287 days which, when aggregated with the pre-APCR time of 118 days, totals 405 days – still well in excess of one year.

Based upon the foregoing, the federal petition was not timely filed, and it is barred by Section 2244(d)(1).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. no. 14) be granted and the petitioner's motion for summary judgment (doc. no. 19) be denied.  Any remaining pending motions will be held in abeyance pending the district court's disposition of the motions for summary judgment.  Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

November 7, 2007

Greenville, South Carolina