UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Stanley M. Ballenger, | ) | C/A No. 6:07-cv-00496-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Robert H. Mauney, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Stanley M. Ballenger is an inmate of the South Carolina Department of Corrections ("SCDC"). Petitioner petitions this court for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on February 12, 2007.[1]

**PROCEDURAL HISTORY**

Petitioner was indicted in December of 2000 by the Oconee County Grand Jury for trafficking in cocaine, 200 to 400 grams, and possession of a firearm during possession of a violent crime. He pleaded guilty on November 26, 2001 to both charges and was sentenced under a negotiated plea to 10 years for trafficking and five years, concurrent, for the firearm charge. No direct appeal was filed.

On April 3, 2002, the petitioner filed an application for post-conviction relief ("PCR"), which was subsequently amended on April 29, 2005.[2] Circuit Judge Lee S. Alford held an evidentiary hearing

---

[1] As noted by the Magistrate Judge, the envelope which contained the Petition for Habeas Corpus does not contain a stamp showing when it was received by the Prison Mail Room. Therefore, the Court will utilize as the date of filing the date the petition was signed.

[2] On May 27, 2004, petitioner filed an action in this Court captioned a "Notice of Appeal and Motion for Certificate of Appealability". After the action was brought into "proper form" as a habeas action, it was dismissed by the undersigned on March 28, 2005 without prejudice for failure to exhaust state court remedies. The Fourth Circuit Court of Appeals denied a certificate of appealability, and the

1

on August 29, 2005 at which Petitioner was represented by appointed counsel. Judge Alford issued an order finding that Petitioner had not established any valid grounds for post-conviction relief and dismissing the PCR petition on October 13, 2005. The Order states that "this Court advises Applicant that he must file and serve a notice of intent to appeal within thirty (30) days from the receipt of this Order to secure the appropriate appellate review." The record is not clear when counsel for the petitioner received the order.[3] Petitioner states in a letter that he later wrote to the South Carolina Supreme Court that he received the order from his attorney on October 21, 2005.

On October 31, 2005, petitioner filed two *pro se* motions with the Clerk of the Oconee County Court of Common Pleas: "Motion for an Appeal Bond and/or Intermediate Unconditional Release" and "Motion for a Proposed Order Pursuant to *Pruitt*; Rule 5(b)(3), of SCRCP; and S.C. Code Ann. § 17-27-80". On March 29, 2006, Petitioner sent a letter to the South Carolina Supreme Court regarding his case. The Clerk of the South Carolina Supreme Court then sent a letter dated April 19, 2006 to Judge Alford, stating the Oconee County Clerk of Court indicated that some post-trial motions were filed *pro se* by the petitioner which were still outstanding. The Clerk of the Supreme Court also indicated that the Court declined to entertain the petitioner's petition in its original jurisdiction but requested Judge Alford to review the motions and issue appropriate rulings. (Docket Entry #15-28). Judge Alford sent a letter dated May 1, 2006 to the Supreme Court, with a copy to the petitioner, in which he forwarded a copy of his order denying petitioner's request for an appeal bond. In the letter, he stated that no

---

United States Supreme Court denied certiorari on October 6, 2006.

[3] Under South Carolina Rule of Civil Procedure 59, a motion for new trial in non-jury cases or to alter or amend an order is ten days after receipt of written notice of entry of an order. When a party is represented by counsel, service of orders under the rules is effective when made upon the attorney under SCRCP 5(b).

motion to reconsider had been filed and that there were no other outstanding motions. (Docket Entry #15-29).[4]

Petitioner did not file a notice of appeal from the denial of his request for post-conviction relief.

The petitioner filed the petition for habeas corpus which is the subject of this action on February 12, 2007. The current petition for writ of habeas corpus alleges ineffective assistance of counsel, lack of subject matter jurisdiction over Petitioner's criminal case by the Court of General Sessions, violation of Federal Rule of Criminal Procedure 11, "denial of right to appellate review", and violation of the Fourth Amendment. The respondents filed a return and motion for summary judgment on May 29, 2007. The petitioner filed a motion for summary judgment and a response in opposition to respondents' motion for summary judgment on June 26, 2007.

The Magistrate Judge issued a report and recommendation on November 7, 2007, recommending that the respondents' motion for summary judgment be granted, that the petitioner's motion for summary judgment be denied, and that the petition for habeas corpus be dismissed with prejudice based on the statute of limitations. On November 16, 2007, the petitioner filed objections to the Report.

## SCOPE OF REVIEW

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation ("R&R") of United States Magistrate Judge William M. Catoe filed November 7, 2007. The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation

---

[4] South Carolina Rule of Civil Procedure 59(g) provides "a party filing a written motion under this rule shall provide a copy of the motion to the judge within ten (10) days after the filing of the motion."

3

of the Magistrate Judge but, instead, retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1).

## OBJECTIONS

In the case at bar, the petitioner asserts in his objections that his petition is timely under AEDPA, 28 U.S.C. § 2244(d) because his PCR is not yet final. He appears to contend that he filed a motion to reconsider the order dismissing his PCR case, which is still pending in state court. The Court assumes that Petitioner is referring to his "Motion for a Proposed Order; Pursuant to "*Pruitt*"; Rule 5(b)(3), SCRCP; and S.C. Code Ann. § 17-27-80". Petitioner also asserts that the PCR Order does not contain specific findings of fact and conclusions of law as required by S.C. Code Ann. Section 17-27-80 and which he asserts would be required for an appeal.

## EXHAUSTION OF STATE COURT REMEDIES

If the petitioner's "Motion for a Proposed Order Pursuant to *Pruitt*; Rule 5(b)(3), of SCRCP; and S.C. Code Ann. § 17-27-80" constituted a properly filed motion under Rule 59, then it would appear that the petitioner has still not exhausted his remedies in state court and that this case should be dismissed to allow petitioner to exhaust those remedies. However, the state has not raised failure to exhaust as an affirmative defense. Also, although normally a petition under 28 U.S.C. § 2254 is not

4

granted where the applicant has failed to exhaust his state court remedies, the habeas statute states in § 2254(b)(2) that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See Granberry v. Greer*, 481 U.S. 129 (1987) ("On the other hand, if it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.") *Id*., 481 U.S. at 134-135. The Court declines to raise the exhaustion defense *sua sponte,* especially where the state circuit judge affirmatively stated to the South Carolina Supreme Court that no motions were pending, there is a question as to the propriety of the *pro se* "Pruitt" motion where petitioner was represented by counsel[5], and there is a question as to the timeliness of the motion, if construed as a Rule 59 motion.

## STATUTE OF LIMITATIONS

The applicable time frame for filing a petition for writ of habeas corpus is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), which provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5] Hybrid representation is not generally allowed in South Carolina. *See Jones v. State*, 348 S.C. 13, 558 S.E.2d 517 (2002).

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is apparent based on his letter to the Supreme Court that Judge Alford did not view the petitioner's "Motion for a Proposed Order" as a properly filed motion to reconsider. "[I]t is not the province of a federal habeas court to re-examine state-court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1990). Therefore, it appears that the post-conviction relief order became final on October 13, 2005, when the order was filed dismissing the PCR. The Magistrate Judge is therefore correct that the case is barred by the statute of limitations and the Court so finds. As further noted by the Magistrate Judge, even if the time between the order denying PCR and the letter of Judge Alford is excluded from the calculation, the action is still time-barred. Certainly, once the petitioner received the letter of Judge Alford, which indicated that there were no pending motions and that all issues had been ruled upon, it was incumbent on him to proceed with the filing of a habeas petition if he wished to do so.[6] Instead, he waited over nine months after receiving the letter from Judge Alford on May 1, 2006 until he filed this action on February 12, 2007.

---

[6] Petitioner is also not entitled to equitable tolling of the statute of limitations. He has not shown that he was prevented from asserting his habeas claim by wrongful conduct by the defendant or that extraordinary circumstances beyond his control made it impossible to file his habeas action on time. "[A]ny resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 329 (4th Cir. 2000).

6

Petitioner's argument that the state PCR court did not make adequate findings of fact under S.C. Code § 17-27-80 and that the order is therefore not final also lacks merit. *See Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (2007) (Failure by the PCR judge to comply with section 17-27-80 does not mean that the order is not final. However, in order to preserve the issue of sufficiency of the factual findings for appeal, a Rule 59 motion must be filed.)

In addition to finding the petition to be barred by the statute of limitations, the Court has reviewed the substantive arguments made by the petitioner and finds them to be without merit for the reasons argued by the respondents.[7]

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law. The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference. Accordingly, respondents' motion for summary judgment is **GRANTED** and the petition is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

s/R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

March 17, 2008
Florence, South Carolina

---

[7] In addition, the substantive grounds raised by the petitioner are procedurally barred by his failure to assert them in state court.